IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BETH A. ARNETT,<br><br>                Plaintiff,<br>v.<br><br>THOMAS N. ARNETT, JR.,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED VERIFIED COMPLAINT; DENYING MOTION FOR SUMMARY JUDGMENT; AND DENYING MOTION FOR SANCTIONS**<br><br>Case No. 2:13-cv-01121-DN<br><br>District Judge David Nuffer |

      Plaintiff Beth A. Arnett moves[1] for leave to file a first amended verified complaint in response to Defendant Thomas N. Arnett, Jr.'s motion for summary judgment[2] and motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure.[3]

      Ms. Arnett's motion to amend is GRANTED, and therefore Mr. Arnett's motion for summary judgment and motion for sanctions are rendered MOOT.

## NATURE OF THIS CASE

Ms. Arnett initiated the present action on December 24, 2013.[4] Ms. Arnett alleges various tort claims against Mr. Arnett. The claims include assault and battery, defamation, negligent misrepresentations, negligence generally, intentional infliction of emotional distress, and

---

[1] Plaintiff's Motion for Leave to File First Amended Verified Complaint and Memorandum in Support (Motion to Amend), docket no. 19, filed April 2, 2014.

[2] Motion for Summary Judgment, docket no. 12, filed February 18, 2014.

[3] Motion for Sanctions Under Rule 11 (Motion for Sanctions), docket no. 16, filed March 17, 2014.

[4] Verified Complaint, docket no. 2, filed December 24, 2013.

negligent infliction of emotional distress. Ms. Arnett asserts each claim occurred "through the course of their marriage."[5]

## DIVORCE BACKGROUND

On August 19, 2012, the Fourth District Court of Utah entered the parties' Decree of Divorce, which referenced a marital settlement agreement (MSA).[6] The MSA was executed on June 4, 2012, to memorialize the agreements the parties reached in mediation.[7]

The details of the mediation are unclear and in dispute. Former judge Roger Livingston acted as the mediator,[8] and both Ms. Arnett[9] and Mr. Arnett[10] were represented by licensed attorneys. At the completion of the mediation, Ms. Arnett and Mr. Arnett, along with their respective attorneys, signed the MSA.[11] The MSA provided for payment of alimony, the distribution of vehicles, and the division of other real and personal property. The penultimate paragraph of the MSA reads, "This Marital Settlement Agreement shall be a total and complete release of all claims Beth and Thomas may have against the other, and each party waives all claims against the other except as provided herein."[12]

---

[5] Verified complaint at ¶ 34.

[6] Decree of Divorce at ¶ 13, attached as exhibit C to Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to File First Amended Verified Complaint, docket no. 24-3, filed April 16, 2014.

[7] Marital Settlement Agreement (MSA), attached as exhibit A to Motion to Amend, docket no. 19-1, filed April 2, 2014.

[8] Declaration of Thomas N. Arnett, Jr. at ¶ 6, attached as exhibit B to Motion for Summary Judgment, docket no. 12-2, filed Feb. 18, 2014.

[9] Declaration of Plaintiff Beth A. Arnett in Opposition to Defendant's Motion for Summary Judgment at 17, attached as exhibit 1 to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, docket no. 20-1, filed April 2, 2014.

[10] Declaration of Thomas N. Arnett, Jr. at ¶ 6.

[11] MSA at 3.

[12] *Id.* at ¶ 13.

Ms. Arnett's complaint fails to address this clause as a possible bar to her claim. She now seeks to remedy that oversight by amending her complaint to add a claim to rescind the MSA based on "coercion and lack of physical and/or mental capacity to agree to the MSA."[13]

## DISCUSSION

### I. Motion to Amend

When more than twenty-one days have passed since the complaint was served, which is the case here, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[14] Mr. Arnett has not given consent to amend. Therefore, the motion to amend will be granted only if there has not been "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[15]

#### A. The Motion to Amend is not Futile

Mr. Arnett requests that the court deny the motion to amend on grounds of futility. Specifically he claims the amendment is futile because 1) the court lacks jurisdiction, 2) Ms. Arnett failed to state a claim upon which relief may be granted, and 3) rescission of the MSA on grounds of coercion and insufficient capacity has been made moot by subsequent ratification. Claims of futility are evaluated "under the same standards that govern a motion to dismiss under Rule 12(b)(6)."[16] Accordingly,

> the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. The court may dismiss the

---

[13] First Amended Verified Complaint at ¶ 62, attached as exhibit 2 to Motion to Amend, docket no. 19-2, filed April 2, 2014.

[14] Fed. R. Civ. P. 15(a)(2).

[15] *Duncan v. Manager, Dep't of Safety, City & County of Denv.*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[16] *Ganthier v. North Shore-Long Island Jewish Healthy Sys.*, 298 F.Supp.2d 342, 349 (E.D.N.Y. 2004).

complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."[17]

**1. Jurisdiction is Present**

Because the Federal District Court is one of limited[18] and original[19] jurisdiction, the threshold issue is always whether the case in question is appropriately before it. In this case Mr. Arnett challenges federal jurisdiction on two grounds: 1) "federal courts lack subject-matter jurisdiction over disputes arising from contracts, including settlement agreements";[20] and 2) the *Rooker-Feldman* doctrine bars what would amount to appellate review by a lower federal court over a final determination of a Utah state court.[21]

The first assertion seems to be based on a misreading of *Kokkonen v. Guardian Live Insurance Company of America.*[22] Mr. Arnett argues that, according to *Kokkonen*, the "only circumstance that would lend a federal court jurisdiction over a settlement agreement is if in an earlier federal suit, the settling parties were to enter a settlement agreement that explicitly retained federal jurisdiction over the agreement."[23] In *Kokkonen*, however, the question is when federal courts **automatically** have jurisdiction over claims involving contracts, especially settlement agreements.[24] *Kokkonen* recognizes that even if the settlement agreement was not entered in a federal case, there may be "some independent basis for federal jurisdiction."[25] Here,

---

[17] *Id.* at 346 (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002)).

[18] *See McCord v. Dixie Aviation Corp.*, 450 F.2d 1129, 1131 (10th Cir. 1971) ("United States District Courts are courts of limited jurisdiction").

[19] 28 U.S.C. § 1332 (2014).

[20] Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to File First Amended Verified Complaint (Defendant's Memorandum in Opposition) at 3, docket no. 24, filed April 16, 2014.

[21] *Id.* at 3–4.

[22] 511 U.S. 375 (1994).

[23] Defendant's Memorandum in Opposition at 3.

[24] *Kokkonen*, 511 U.S. at 381.

[25] *Id.* at 382.

4

as both parties are diverse in citizenship and the amount in controversy exceeds $75,000,[26] an "independent basis for federal jurisdiction" exists.

Mr. Arnett relies on the *Rooker-Feldman* doctrine in his second claim against federal jurisdiction. "The *Rooker-Feldman* doctrine 'prohibits a lower federal court . . . from considering claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment.'"[27] In this case, the state-court judgment subject to *Rooker-Feldman* limitations is the decree of divorce, which contains no release. The MSA, which contains the release, is not a state court judgment.

When settling malpractice claims, the plaintiffs in *Green v. City of New York*[28] relied on the Medicaid lien amounts stated by the City. Based on the settlement agreements, compromise orders were entered in state courts. Later, the plaintiffs sued the City in federal court for return of some of the money paid to satisfy the liens. Plaintiffs claimed the City had miscalculated the Medicaid lien amounts. The City moved to dismiss. The City argued the settlement agreement was part of a state judgment, and that the *Rooker-Feldman* doctrine prevented the federal court from reviewing a state-court judgment. The court rejected the argument, because "state courts . . . by approving the settlements, at most only 'ratif[ied], acquiesce[d] in, or [left] unpunished an anterior decision,"[29] and thus "the *Rooker-Feldman* doctrine d[id] not bar the . . . suit."[30] Just as in *Green*, the decree of divorce at most only ratified, acquiesced in, or left unpunished the MSA, and therefore does not bar this suit.

---

[26] 28 U.S.C. § 1332.

[27] *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002)).

[28] 438 F.Supp.2d 111 (E.D.N.Y. 2006).

[29] *Id.* at 121.

[30] *Id.*

## 2. The New Cause of Action States a Claim

The Federal Rules of Civil Procedure require only that a claim include "a short and plain statement" indicating why "the pleader is entitled to relief."[31] According to the *Twombly-Iqbal* cases, the factual detail supporting a claim must be great enough to make the claim plausible, rather than merely possible; i.e., "enough to raise a right to relief above the speculative level."[32] It must be reasonable for a court to draw the inference that the defendant is liable, based on the facts stated.[33] Recitations of elements of a claim and conclusory statements lack sufficient detail, and cannot trigger a court's assumption that all of the statements made in the pleading are true.[34] Claims of fraud and mistake are additionally required to "state with particularity the circumstances constituting [the] fraud or mistake."[35] "Conditions of the mind," however, which include "[m]alice, intent, knowledge, and other conditions of a person's mind[,] may be alleged generally."[36]

Mr. Arnett also attacks the motion to amend on the ground that the new rescission claim fails to plead with particularity the coercive and capacity impairing circumstances that affected Ms. Arnett at the time of signing the MSA. For support Mr. Arnett relies on *R & R Industrial Park, L.L.C. v. Utah Property and Casualty Insurance Guaranty Association*.[37] In *R & R* the Utah Supreme Court interpreted the Utah rule of civil procedure for pleading special matters. The Court dismissed the challenge to the validity of a settlement agreement because the challenging party "failed to state in any context the basis for its challenge to the Settlement

---

[31] Fed. R. Civ. P. 8(a)(2).

[32] *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1959 (2007).

[33] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009).

[34] *Id*.

[35] Fed. R. Civ. P. 9(a)(2).

[36] *Id.*

[37] 199 P.3d 917 (Utah 2008).

6

Agreement with sufficient particularity."[38] The Court said the challenging party "failed to lay out the claim with sufficient clarity and failed to even use the words fraud, mistake, or duress—let alone their required factual components."[39]

Mr. Arnett argues that the amended complaint fails by not "designat[ing] mistake, fraud, or duress as the basis for seeking the remedy of rescission . . ., [and by] fail[ing] to allege any particular act or representation by Defendant or any other person that may have fraudulently induced her to sign the Agreement."[40] This argument fails because the Federal Rules of Civil Procedure only require the pleading to allege a claim involving a condition of the mind "generally."[41] The amended complaint does not allege fraudulent misrepresentation but alleges coercion, insufficient knowledge, and "lack[] . . . of mental capacity":[42] "[Ms. Arnett] was coerced into signing the MSA, **based** on the dire involuntary circumstances (including extensive and ongoing abuse by [Mr. Arnett]) under which she was living"[43]; "[Ms. Arnett] was . . . coerced into signing the MSA for the reason that she did not understand that mediation . . . was a voluntary process."[44] Ms. Arnett's claims do not fall under the heightened standard for pleading required by Rule 9(a)(2), and her general allegations are sufficient to satisfy the plausibility requirement of *Twombly-Iqbal*.[45]

---

[38] *Id.* at 927.

[39] *Id.*

[40] Defendant's Memorandum in Opposition at 6–7.

[41] Fed. R. Civ. P. 9(a)(2).

[42] First Amended Verified Complaint at ¶ 61, attached as exhibit B to Motion to Amend, docket no. 19-2, filed April 2, 2014.

[43] *Id.* at ¶ 59 (emphasis added).

[44] *Id.* at ¶ 60.

[45] Fed. R. Civ. P. 9(a)(2).

### 3. The MSA Was not Clearly Ratified

Mr. Arnett attempts to show there was at least a four month period in which Ms. Arnett was of a sound mind and no longer under duress. He then infers Ms. Arnett ratified the MSA because she continued receiving alimony payments and other benefits accorded to her under the MSA.[46]

As stated earlier, the court reviews claims of futility, as this one, under "the same standards that govern a motion to dismiss under Rule 12(b)(6)."[47] According to those standards, when the question is one of inferences, "the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff."[48] For matters of mental or emotional distress, even when there are apparent concessions by the afflicted party to the contrary, latent mental and emotional trouble can be ongoing and far-reaching. At this stage in the litigation, such a fact-intensive analysis regarding Ms. Arnett's capacity to ratify is inappropriate. It cannot be said "'beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'"[49]

### B. Motion for Sanctions and Motion for Summary Judgment are Moot

Mr. Arnett's motion for sanctions and motion for summary judgment depend on Ms. Arnett's failure to account for the MSA. Because Ms. Arnett is allowed to amend her complaint, those motions are moot.

### ORDER

IT IS HEREBY ORDERED that Ms. Arnett's motion for leave to amend is GRANTED.

---

[46] Defendant's Memorandum in Opposition at 8–11.

[47] *Ganthier v. North Shore-Long Island Jewish Healthy Sys.*, 298 F.Supp.2d 342, 349 (E.D.N.Y. 2004).

[48] *Id.* at 346.

[49] *Id.* (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002)).

IT IS FURTHER ORDERED that Mr. Arnett's motion for summary judgment and motion for sanctions are MOOT.

Additionally, because rescission of an agreement is an issue which can be resolved in a bench trial, and the issue is fundamental to the other claims in the case, an expedited schedule for resolution of that claim should be set. The parties should meet and confer about the appropriate schedule, examining the schedule set in a case with a similar rescission claim.[50] On or before June 23 2014, the parties shall, using the court's standard forms, file an Attorneys' Planning Meeting Report and shall email a Proposed Scheduling Order to dj.nuffer@utd.uscourts.gov.

Signed June 9, 2014.

BY THE COURT

_____
District Judge David Nuffer

---

[50] *Derma Pen, LLC v 4EverYoung Limited,* case no. 2:13-cv-00729 DN, document no. 155, filed May 15, 2014.